# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| INDIGENOUS ENVIRONMENTAL NETWORK and NORTH COAST RIVER ALLIANCE,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF STATE; THOMAS A SHANNON, JR., in his Official Capacity as U.S. Under Secretary of State; UNITED STATES FISH AND WILDLIFE SERVICE, a federal agency; JAMES W KURTH, in his Official Capacity as Acting Director of the U.S. Fish and Wildlife Service; and RYAN KEITH ZINKE, in his Official Capacity as Secretary of the Interior,<br><br>Defendants. | CV-17-29-GF-BMM<br><br>ORDER |

Applicant for intervention, TransCanada Keystone Pipeline, LP and TransCanada Corporation (collectively "TransCanada"), has moved for leave of Court to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2).

1

(Doc. 32.) Plaintiffs opposed the motion. *Id.* at 2, n.1. Federal Defendants did not oppose. *Id.*

Under Fed. R. Civ. P. 24(a)(2), to intervene as of right, an applicant must show that "( 1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and ( 4) the existing parties may not adequately represent the applicant's interest." *In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 984 (9th Cir. 2008) (internal quotations and citation omitted).

TransCanada Keystone Pipeline, LP, a subsidiary of TransCanada, is the owner and permit applicant for the Keystone XL pipeline at issue in this case. TransCanada likely has similar, but not necessarily the same, interests as Federal Defendants. The Applicant meets the standard for intervention as of right.

IT IS ORDERED that the opposed motion (Doc. 32) for intervention as of right of Applicant TransCanada is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant-Intervenor TransCanada must file its responsive pleading or motion within seven days after the deadline by which Federal Defendants must file their responsive pleading or motion.

The Court will impose briefing word limits on all parties, including intervenors at the preliminary pretrial conference, which will be scheduled after responsive pleadings or motions are filed in this case.

DATED this 25th day of May, 2017.

/s/ Brian Morris
Brian Morris
United States District Court Judge