| | |
|---|---|
| JAMES A. PATTEN | STEPHAN C. VOLKER (Pro hac vice) |
| PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC | ALEXIS E. KRIEG (Pro hac vice) |
| | STEPHANIE L. CLARKE (Pro hac vice) |
| | DANIEL P. GARRETT-STEINMAN (Pro hac vice) |
| Suite 300, The Fratt Building | |
| 2817 Second Avenue North | JAMEY M.B. VOLKER (Pro hac vice) |
| Billings, MT 59101-2041 | LAW OFFICES OF STEPHAN C. VOLKER |
| Telephone: (406) 252-8500 | 1633 University Avenue |
| Facsimile: (406) 294-9500 | Berkeley, California 94703-1424 |
| email: apatten@ppbglaw.com | Telephone: (510) 496-0600 |
| | Facsimile: (510) 845-1255 |
| Attorneys for Plaintiffs | email: svolker@volkerlaw.com |
| INDIGENOUS ENVIRONMENTAL NETWORK and NORTH COAST RIVERS ALLIANCE | akrieg@volkerlaw.com |
| | sclarke@volkerlaw.com |
| | dgarrett@volkerlaw.com |
| | jvolker@volkerlaw.com |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| INDIGENOUS ENVIRONMENTAL NETWORK and NORTH COAST RIVERS ALLIANCE, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF STATE, et al., <br><br> Federal Defendants, | Civ. No. 4:17-cv-00029-BMM <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE OF COURT TO FILE FIRST AMENDED COMPLAINT UNDER F.R. CIV. PRO. 15** <br><br> Hearing: August 31, 2017 <br> Time: 1:30 p.m. <br><br> Judge: Hon. Brian M. Morris |

| | )|
|---|---|
| and | ) |
| | ) |
| TRANSCANADA KEYSTONE PIPELINE and | ) |
| TRANSCANADA CORPORATION, | ) |
| | ) |
| Defendant-Intervenors. | ) |
| | ) |

## I. INTRODUCTION

Plaintiffs move the Court for leave to amend their Complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure ("FRCiv.P") for four reasons. Plaintiffs wish to (1) add additional allegations showing plaintiffs' standing to sue, (2) add a new claim for relief under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.,* following maturation of plaintiffs' 60-day notice thereunder, (3) expand and clarify other allegations showing plaintiffs' entitlement to relief, and (4) withdraw claims for relief under the Migratory Bird Treaty Act ("MBTA"), 16 U.S.C. § 701 *et seq.* and the Bald and Golden Eagle Protection Act ("Eagle Act"), 16 U.S.C. § 668 that were plaintiffs' Third and Fourth Claims for Relief in the original Complaint. Pursuant to Local Rule 15.1, a copy of plaintiffs' [Proposed] First Amended Complaint for Declaratory and Injunctive Relief ("First Amended Complaint") is attached as Exhibit 1 to the Notice of Motion and Motion.

## II. BACKGROUND

Plaintiffs filed their Complaint for Declaratory and Injunctive Relief against the Federal Defendants on March 27, 2017. Plaintiffs sued pursuant to the APA, alleging violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C.

§ 4321 *et seq.*, the ESA, the MBTA and the Eagle Act. In response to the motions to dismiss filed by the Federal Defendants and Defendant-Intervenors TransCanada Keystone Pipeline, LP and TransCanada Corporation (collectively "TransCanada," and together with the Federal Defendants, "defendants"), plaintiffs wish to amend the Complaint to add additional allegations showing plaintiffs have standing to sue, add a new Third Claim for Relief under the ESA based on the maturation of plaintiffs' 60-day notice thereunder, expand and clarify other allegations showing plaintiffs' entitlement to relief, and withdraw the MBTA and Eagle Act claims for relief.

## III. GROUNDS FOR AMENDMENT

Plaintiffs seek to amend the Complaint in a manner that is fully consistent with FRCiv.P Rule 15(a)(2). Rule 15(a)(2) is construed with "extreme liberality" in favor of amendment. *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Federal policy strongly favors determination of cases on their merits. Therefore, the role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party." *Federal Civil Procedure Before Trial* § 8:400 (The Rutter Group 2008), citing *Foman v. Davis* 371 U.S. 178, 182 (1962); *Martinez v. Newport Beach City* (9th Cir. 1997) 125 F.3d 777, 785. Accordingly, "the circumstances under which Rule 15(a) 'permits denial of leave to amend are limited.'" *Id.*, citing *Ynclan v. Department of Air Force* (5th Cir. 1991) 943 F.2d 1388, 1391.

Particularly where, as here, the amendment is proffered in a good faith effort to address and moot or narrow the scope of a pending motion to dismiss, leave to amend should be granted to eliminate or narrow the issues framed by the motion. As noted, plaintiffs seek to expand their allegations showing how the Keystone XL Pipeline would harm them, and thereby eliminate or at least narrow any issue as to standing. Plaintiffs also wish to withdraw their Third and Fourth Claims for Relief alleging the Federal Defendants' violations of the MBTA and the Eagle Act, to eliminate these issues from the litigation. Rule "15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'" *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988) (quoting 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.06-1 at 41-83 to -84 (1987)).

Finally, plaintiffs seek to add a new claim for relief under the ESA that they could not have alleged previously because they had to await maturation of their 60-day notice. Rather than file a separate lawsuit to raise this new claim, plaintiffs seek to minimize the burden on court and counsel by instead amending their Complaint in this proceeding to add this related claim. Doing so clearly serves the interests of justice.

For each of these reasons, plaintiffs should be granted leave to file their First Amended Complaint for Declaratory and Injunctive Relief as requested.

## IV. PLAINTIFFS HAVE REQUESTED CONSENT

Rule 15(a)(2) states that after the passage of 21 days following the filing of a motion to dismiss, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* However, this Rule also directs that "[t]he court should freely give leave [to amend] when justice so requires." *Id.* As explained in the accompanying Declaration of Counsel, defendants have not decided whether to consent to the proposed amendment. However, even if consent is not given, leave to amend should be granted for the reasons stated above.

## V. CONCLUSION

Plaintiffs' motion should be granted because it advances the policy of the federal courts to serve justice and to resolve matters on their merits where possible. Plaintiffs seek leave to amend their Complaint to eliminate or narrow the issues raised by defendants in their pending motions to dismiss, and to bring all related claims together in a single proceeding.

For the foregoing reasons, plaintiffs respectfully request that this Court grant plaintiffs leave to file their First Amended Complaint. Plaintiffs also invite defendants' stipulation to the filing of the First Amended Complaint for the reasons stated above.

Dated: July 14, 2017    PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC

s/ *James A. Patten*
JAMES A. PATTEN

Dated: July 14, 2017    LAW OFFICES OF STEPHAN C. VOLKER

<u>s/ *Stephan C. Volker*    </u>
STEPHAN C. VOLKER (Pro Hac Vice pending)

Attorneys for Plaintiffs
INDIGENOUS ENVIRONMENTAL NETWORK
and NORTH COAST RIVERS ALLIANCE

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2) of the District of Montana Local Rules, I certify that this Brief contains 907 words, excluding caption, certificates of service and compliance, table of contents and authorities, and exhibit index, as counted by WordPerfect X7, the word processing software used to prepare this brief.

Dated:  July 14, 2017         s/ *Stephan C. Volker*
                              STEPHAN C. VOLKER (Pro Hac Vice)

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2017, a copy of the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE OF COURT TO FILE FIRST AMENDED COMPLAINT UNDER F.R. CIV. PRO. 15 were electronically served on all counsel of record via the Court's CM/ECF system.

                               s/ *Stephan C. Volker*
                               Attorneys for Plaintiffs
                               INDIGENOUS ENVIRONMENTAL NETWORK
                               and NORTH COAST RIVERS ALLIANCE