10.505.02

JAMES A. PATTEN
PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC
Suite 300, The Fratt Building
2817 Second Avenue North
Billings, MT 59101-2041
Telephone:  (406) 252-8500
Facsimile:  (406) 294-9500
email:          apatten@ppbglaw.com

STEPHAN C. VOLKER (CSB #63093) (Pro hac vice)
ALEXIS E. KRIEG (CSB #254548) (Pro hac vice)
STEPHANIE L. CLARKE (CSB #257961) (Pro hac vice)
DANIEL P. GARRETT-STEINMAN (CSB #269146) (Pro hac vice)
JAMEY M.B. VOLKER (CSB #273544) (Pro hac vice)
LAW OFFICES OF STEPHAN C. VOLKER
1633 University Avenue
Berkeley, California 94703-1424
Telephone:  (510) 496-0600
Facsimile:  (510) 845-1255
email:          svolker@volkerlaw.com
                    akrieg@volkerlaw.com
                    sclarke@volkerlaw.com
                    dgarrett@volkerlaw.com
                    jvolker@volkerlaw.com

Attorneys for Plaintiffs
INDIGENOUS ENVIRONMENTAL NETWORK
and NORTH COAST RIVERS ALLIANCE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| INDIGENOUS ENVIRONMENTAL NETWORK and NORTH COAST RIVERS ALLIANCE, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF STATE, et al., <br><br> Federal Defendants, <br><br> and <br><br> TRANSCANADA KEYSTONE PIPELINE and TRANSCANADA CORPORATION, <br><br> Defendant-Intervenors. | Civ. No. 4:17-cv-00029-BMM <br><br> **PLAINTIFFS' STATEMENT REGARDING CONSOLIDATION** <br><br> Judge:    Hon. Brian M. Morris |

PLAINTIFFS' STATEMENT REGARDING CONSOLIDATION          - 1 -

Plaintiffs Indigenous Environmental Network and North Coast Rivers Alliance hereby submit this statement regarding consolidation of *Indigenous Environmental Network v. U.S. Department of State*, No. 4:17-cv-00029-BMM with *Northern Plains Resource Council v. Shannon*, No. 4:17-cv-00031-BMM. Because both cases challenge approvals for the Keystone XL Pipeline, partial consolidation of the two cases is appropriate in order to avoid needless duplication and assure that both matters are efficiently adjudicated.

These cases involve common factual and legal issues. Both challenge the Undersecretary of State's issuance of a presidential permit for the Keystone XL Pipeline, as well as the U.S. Fish and Wildlife Service's biological opinion regarding the pipeline. *See* First Am. Compl. for Decl. and Inj. Relief ¶¶ 1-5, *Indigenous Environmental Network*, No. 4:17-cv-00029-BMM (ECF No. 61)*;* Third Am. Compl. for Decl. and Inj. Relief ¶¶ 1-15, *Northern Plains Resource Council*, No. 4:17-cv-00031-BMM (ECF No. 58). And, both cases raise similar claims under the National Environmental Policy Act ("NEPA") and the Endangered Species Act ("ESA"). *See* First Am. Compl. for Decl. and Inj. Relief ¶¶ 31-80, 82-84, 86-111, *Indigenous Environmental Network*, No. 4:17-cv-00029-BMM; Third Am. Compl. for Decl. and Inj. Relief ¶¶ 147-52, 160-63, 165-72, 174-78, *Northern Plains Resource Council*, No. 4:17-cv-00031-BMM.[1]

Where, as here, "actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the action; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). At a minimum, this Court should consider scheduling joint

---

[1] The only significant difference between the two cases is that the *Northern Plains Resource Council* Complaint also contains a NEPA claim against the U.S. Bureau of Land Management ("BLM"). See Third Am. Compl. for Decl. and Inj. Relief ¶¶ 154-158, No. 4:17-cv-00031-BMM. Plaintiffs in the *Indigenous Environmental Network* case have not raised this claim because BLM has not yet made a decision approving a right-of-way for the Keystone XL Pipeline. However, in the event BLM does render a final agency action approving the Keystone XL Pipeline, plaintiffs in this action intend to amend (or more precisely, supplement) their complaint to challenge that decision.

hearings on procedural issues that arise in both cases, such as the pending motions to dismiss. Since both matters primarily challenge final agency action under the Administrative Procedure Act and to that extent will be adjudicated by cross-motions for summary judgment based on the agency administrative record, this Court should consider adopting a joint summary judgment briefing and hearing schedule for both matters just as this Court did in adjudicating the defendants' pending motions to dismiss.

Because these two matters involve different plaintiffs with differing interests and litigation objectives, plaintiffs would oppose any suggestion that they be consolidated for all purposes. Even should this Court determine that the two complaints filed in this matter raise "nearly identical claims," it should nonetheless adhere to the traditional rule that "each suit will retain its separate character and separate judgments will be entered" in each. *Sullivan v. Mahoney*, CV 09-06-H-DWM-RKS, 2009 WL 1451698, at *2 and n.1 (D. Mont. May 20, 2009). This approach conforms to the rule followed by most courts that consolidation does not merge lawsuits into a single action. *See*, *e.g.*, Rutter, *Fed. Civ. Procedure Before Trial* ch. 16-C (National ed. March 2017 update), Charles Alan Wright, Arthur R. Miller, *Federal Practice and Procedure* vol. 9A, Civ. § 2382 (3d ed., West 2017).

Regardless whether this Court consolidates the two actions or merely coordinates their hearing and briefing schedules, it is essential that the two sets of plaintiffs retain their right to file separate briefs and present separate argument. And, as noted above, this Court should follow the traditional rule that even where cases are consolidated, "each suit will retain its separate character and separate judgments will be entered." *Sullivan v. Mahoney*, *supra*, at *2 and n.1.

Respectfully submitted this 18th day of September, 2017.

PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC

s/ *James A. Patten*
JAMES A. PATTEN
Suite 300, The Fratt Building
2817 Second Avenue North
Billings, Montana 59101-2041

LAW OFFICES OF STEPHAN C. VOLKER

s/ *Stephan C. Volker*
STEPHAN C. VOLKER
1633 University Avenue
Berkeley, California 94703

Attorneys for Plaintiffs
INDIGENOUS ENVIRONMENTAL NETWORK
and NORTH COAST RIVERS ALLIANCE

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(d)(2) of the District of Montana Local Rules, I certify that this Brief contains 681 words, excluding caption, certificates of service and compliance, table of contents and authorities, and exhibit index, as counted by WordPerfect X7, the word processing software used to prepare this brief.

Dated:  September 18, 2017     s/ *Stephan C. Volker*
                                STEPHAN C. VOLKER

## <u>CERTIFICATE OF SERVICE</u>

I, Stephan C. Volker, am a citizen of the United States.  I am over the age of 18 years and not a party to this action.  My business address is the Law Offices of Stephan C. Volker, 1633 University Avenue, Berkeley, California 94703.

On September 18, 2017 I served the following document by electronic filing with the Clerk of the Court using the CM/ECF system, which sends notification of such filing to the email addresses registered in the above entitled action:

**PLAINTIFFS' STATEMENT REGARDING CONSOLIDATION**

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 18, 2017

/s/ *Stephan C. Volker*