# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| INDIGENOUS ENVIRONMENTAL NETWORK, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br><br>Federal Defendants,<br>and<br><br>TRANSCANADA CORPORATION, *et al.*,<br><br>Intervenor-Defendants. | CV 4:17-CV-00029-BMM<br><br>**STIPULATION AND JOINT CASE MANAGEMENT PLAN** |

In response to the Court's order on July 25, 2017, ECF No. 63, the Parties, by and through their undersigned counsel, hereby submit the following Stipulation and Joint Case Management Plan. In support of this Stipulation and Joint Case Management Plan, the Parties hereby state as follows:

1. The Parties agree that this case is a civil action for declaratory judgment and injunctive relief against Defendants pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 to 706, and citizen suit provision of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g).

1

2. The Parties agree that Plaintiffs' claims under the APA are resolved following submission of the administrative record and through motions for summary judgment. Although Plaintiffs contend that adjudication of that portion of Plaintiffs' Third Claim for Relief that arises under the citizen-suit provision of the ESA is not limited to the administrative record and thus is potentially subject to discovery, the Parties anticipate that the administrative record may provide a sufficient evidentiary basis to adjudicate that claim and thus they do not anticipate the need for discovery at this time. As such, the Parties stipulate that a deadline for completion of discovery is not necessary at this time. If it later appears that discovery may be needed for Plaintiffs' ESA citizen suit claim, which Federal Defendants do not concede is permissible, the Parties will first meet and confer. If the parties are unable to reach agreement on the availability, timing, or scope of discovery they will jointly request the Court's assistance. Pursuant to Local Rule 16.2 (a), an action for review on an Administrative Record is exempt from preliminary pretrial statements, discovery plans, stipulations of fact, and related requirements, unless otherwise ordered by the Court.

3. A stipulation to authenticity and foundation is not appropriate for this case because this case is a challenge to an administrative agency action and will be resolved on cross-motions for summary judgment without discovery or trial.

4. The Parties agree that this case is not suitable for an alternative dispute resolution ("ADR") program such as arbitration, mediation, or judicial settlement conference.

5. The Parties agree that this case can be resolved without a trial.

6. The Parties state that case management planning is affected by several outstanding issues, the resolution of which could significantly impact how this case proceeds. Defendants' and Intervenor-Defendants' motions to dismiss remain pending, and until those motions are resolved, it is unclear what claims will be litigated at the merits phase. In addition, the Court has not yet decided whether to consolidate this case with *Northern Plains Resource Council v. State*, No. 4:17-CV-00031-BMM. Should the cases be consolidated, the parties may address case management issues differently than they would if the cases remain separate. Accordingly, the Parties have assembled an outline for case management below but reserve the right to seek later amendments, either jointly or unilaterally.

WHEREFORE, the Parties respectfully request that this Court issue an order approving the following briefing schedule for resolution of this case:

A. Administrative Records: Although the pending motions to dismiss may resolve the case, Federal Defendants nonetheless are willing to compile the

administrative records and send to counsel for Plaintiffs and Defendant-Intervenors on or before November 10, 2017.

B. Motions to Supplement the Record: After Federal Defendants provide the administrative records, the Parties will endeavor to resolve any outstanding issues and disputes regarding the contents of the administrative records among themselves. Should this effort prove unsuccessful, Plaintiffs will have until January 9, 2018, to file any motions objecting to the contents of or seeking to supplement the administrative records.

C. Lodging of the Administrative Records: If there are no disputes concerning the contents of the administrative records, Defendants will lodge the administrative records with this Court by January 11, 2018, as well as serve any revisions on counsel for Plaintiffs and Defendant-Intervenors, if necessary. If there are disputes concerning the contents of the administrative records, Defendants will lodge the administrative records with this Court within 30 days of the Court's resolution of such dispute, as well as serve any revisions on counsel for Plaintiffs and Defendant-Intervenors, if necessary.

D. Briefing Schedule: Unless the Court has yet to rule on the pending motions to dismiss, Plaintiffs shall file a motion for summary judgment and supporting memorandum within 60 days after lodging of the administrative records. Defendants' combined opposition/cross-motion for summary judgment

and supporting memorandum shall be filed 60 days thereafter, with Defendant-Intervenors' combined opposition/cross-motion for summary judgment and supporting memorandum to be filed one week after that. Plaintiffs' combined opposition/reply to both briefs shall be filed within 60 days of Defendant's cross-motion, with Plaintiffs retaining the discretion to combine their opposition/reply briefs to both Defendant and Defendant-Intervenors into one brief. Defendants' reply shall be filed within 45 days of Plaintiffs' opposition/reply, with Defendant-Intervenors' reply to be filed one week later. The Parties reserve the right to seek adjustments to this proposed schedule as appropriate.

E. Word Limits: The Parties would like to reserve the right to seek expansion of the word limits set forth in Local Rule 7.1(d) for the briefing set forth in Paragraph D, but are currently unable to specify the appropriate expansion, as the parameters of the case are still unknown. The Parties will timely submit any request for expanded word limits prior to filing the relevant briefs.

Respectfully submitted this 4th day of October, 2017.

        PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC

        /s/ *James A. Patten*
        JAMES A. PATTEN
        Suite 300, The Fratt Building
        2817 Second Avenue North
        Billings, Montana 59101-2041

Ph: 406-252-8500
apatten@ppbglaw.com

LAW OFFICES OF STEPHAN C. VOLKER

*/s/ Stephan C. Volker*
STEPHAN C. VOLKER (CA Bar 63093)
1633 University Avenue
Berkeley, California 94703
Ph: 510-496-0600
svolker@volkerlaw.com

*Attorneys for Plaintiffs INDIGENOUS ENIRONMENTAL NETWORK and NORTH COAST RIVERS ALLIANCE*

JEFFREY H. WOOD, Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

SETH M. BARSKY, Section Chief

    */s/ Bridget K. McNeil*
BRIDGET KENNEDY McNEIL (CO Bar 34299)
Senior Trial Attorney
Wildlife and Marine Resources Section
999 18th St., South Terrace, Suite 370
Denver, Colorado 80202
Ph: 303-844-1484
bridget.mcneil@usdoj.gov

LUTHER L. HAJEK (CO Bar 44303)
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Ph: 303-844-1376
luke.hajek@usdoj.gov

*Attorneys for Federal Defendants*

/s/ Jeffery J. Oven
Jeffery J. Oven
Mark L. Stermitz
Jeffrey M. Roth
CROWLEY FLECK PLLP
490 North 31st Street, Ste. 500
P.O. Box 2529
Billings, MT 59103-2529
Ph: 406-252-3441
joven@crowleyfleck.com
mstermitz@crowleyfleck.com
jroth@crowleyfleck.com

Peter R. Steenland
Lauren C. Freeman
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Ph: 202-736-8000
psteenland@sidley.com
lfreeman@sidley.com

*Counsel for TransCanada Keystone Pipeline, LP and TransCanada Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2017, a copy of the foregoing Stipulation and Joint Case Management Plan was served on all counsel of record via the Court's CM/ECF system.

*/s/ Bridget K. McNeil*
BRIDGET KENNEDY McNEIL
U.S. Department of Justice