Timothy M. Bechtold
Bechtold Law Firm, PLLC
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net
Attorney for Plaintiffs
(additional counsel listed on signature pages)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| INDIGENOUS ENVIRONMENTAL NETWORK and NORTH COAST RIVER ALLIANCE, <br><br>and<br><br> NORTHERN PLAINS RESOURCE COUNCIL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, et al., <br><br> Defendants, <br><br> TRANSCANADA KEYSTONE PIPELINE and TRANSCANADA CORPORATION, <br><br> Defendant-Intervenors. | CV 17-29-GF-BMM <br><br> CV 17-31-GF-BMM <br><br> **Northern Plains Plaintiffs' Proposed Rule 26 Discovery Plan** |

1

Based on a telephonic conference among the parties' counsel on September 18, 2017, Northern Plains Plaintiffs respectfully submit the following proposed discovery plan in accordance with the Court's July 25, 2017 Order, ECF No. 53. Because the parties have significant disagreements about these issues, they were unable to agree on a joint discovery plan. Therefore, Plaintiffs provide this separate statement regarding the information required by Federal Rule of Civil Procedure 26(f)(3), Local Rule 16.2(b)(2), and the Court's July 25 Order.

1. **Required Disclosures:**

Plaintiffs believe the default rules regarding form and requirement of disclosures under Federal Rule of Civil Procedure 26(a)(1) apply. Plaintiffs' first, second, third, and fourth claims are record review claims and thus are not subject to discovery or the initial disclosure rules. Fed. R. Civ. P. 26(a)(1)(B)(i) (exempting actions "for review on an administrative record"). However, as discussed in more detail below, Plaintiffs' fifth claim is not limited to the administrative record. Accordingly, Plaintiffs made their initial disclosures for that claim on October 2, 2017, within 14 days of the meet and confer, as required by Rule 26(a)(1)(C).

2. **Subject and Timing of Discovery:**

Plaintiffs seek limited discovery for the very narrow, practical purpose of developing the facts that would assist the Court in reviewing their fifth claim,

which alleges that the State Department violated section 7(a)(2) of the ESA by improperly concluding that Keystone XL is not likely to result in any adverse effects to the endangered whooping crane, endangered interior least tern, and threatened piping plover.

While the Administrative Procedure Act (APA) provides the *standard* of review for this claim, it does not limit the *scope* of review. In *Western Watersheds Project v. Kraayenbrink*, the Ninth Circuit determined that the *scope* of review for ESA section 7(a)(2) citizen-suit claims is not limited to the administrative record. 632 F.3d 472, 497-98 (9th Cir. 2011) (considering several extra-record declarations from experts who could attest to the likely impacts of the agency action at issue); *see also Wash. Toxics Coal. v. EPA*, 413 F.3d 1024, 1034 (9th Cir. 2005). Thus, many district courts within the Ninth Circuit have allowed discovery for section 7(a)(2) citizen-suit claims under this rule. *See*, *e.g.*, *Conservation Cong. v. U.S. Forest Serv.*, No. 2:16-cv-00864-MCE-AC, 2017 WL 4340254, at *1-2 (E.D. Cal. Sept. 29, 2017) (distinguishing APA standard of review from APA scope of review, and rejecting argument that review of ESA citizen-suit claim must be limited to administrative record); *Ellis v. Housenger*, No. C-13-1266 MMC, 2015 WL 3660079, at *3-4 (N.D. Cal. June 12, 2015) (denying defendants' motions to limit review to the administrative record and allowing expert discovery on plaintiffs' ESA section 7(a)(2) claims); *Wild Fish Conservancy v. Nat'l Park Serv.*,

No. C12-5109 BHS, 2012 WL 5384896, at *1 (W.D. Wash. Nov. 1, 2012) (confirming that parties may obtain discovery and court may consider extra-record evidence in ESA citizen suits); *Conservation Cong. v. Finley*, No. C 11-04752 SC (LB), 2012 WL 1564946, at *1 (N.D. Cal. May 2, 2012) (denying defendants' request to bar discovery because the claims at issue "were brought pursuant to the citizen-suit provisions of the [ESA] and, thus, are not subject to the administrative-record limitation"); *Or. Nat. Desert Ass'n v. Kimbell*, 593 F. Supp. 2d 1217, 1219 (D. Or. 2009) (allowing plaintiffs to introduce evidence, including expert reports and evidence obtained through discovery, to prove their claims under ESA sections 7 and 9).

Plaintiffs simply seek to apply *Kraayenbrink* here, to allow factual development that would assist the Court's review of the State Department's determination and the likelihood of Keystone XL's adverse effects to protected species. Plaintiffs intend to introduce extra-record evidence, such as telemetry data of whooping cranes compiled by the U.S. Geological Survey, to show the locations where cranes would be harmed by construction and operation of Keystone XL and its connected facilities. Plaintiffs also intend to introduce testifying experts who are knowledgeable about migratory birds and can attest to the project's adverse effects. Plaintiffs also seek discovery to obtain detailed information about the project route and connected facilities, as well as construction and work plans, from Federal

Defendants and TransCanada, to better understand where impacts are most likely to occur. This information is necessary not only for the Court to review the impacts of the project on listed species on the merits, but to determine the appropriate relief, should it find for Plaintiffs at the preliminary or permanent phases, when factual development is also appropriate. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010).

There is no basis to grant Federal Defendants' and TransCanada's request to prohibit discovery here. Whether to grant narrow, limited discovery to develop the facts underlying Plaintiffs' fifth claim is well within the purview of the Court's case management authority. The limited discovery that Plaintiffs seek here is allowed by *Kraayenbrink* and appropriate under the circumstances of this case. Plaintiffs are amenable to briefing this matter further if it would assist the Court.

Plaintiffs' other four claims will be tried on the administrative record. Plaintiffs propose the following schedules for disposition, with the NEPA and APA claims (claims 1, 2, and 3) being briefed as soon as possible after the record is complete, and ESA claims (claims 4 and 5) being briefed after discovery. Although Plaintiffs' fourth claim (failure to consult under the ESA against the U.S. Fish and Wildlife Service) is a record review claim, Plaintiffs propose that it be heard at the same time as the fifth claim because it is closely related to that claim.

| NEPA, APA Claims (Claims 1-3) | | ESA Claims (Claims 4-5) | |
|---|---|---|---|
| Administrative record | Oct. 18, 2017 | Administrative record | Oct. 18, 2017 |
| MSJ on NEPA, APA claims | Dec. 15, 2017 | Expert disclosures - initial | Jan. 19, 2018 |
| Oppositions to MSJ | Jan. 8, 2018 | Expert disclosures - rebuttal | Feb. 19, 2018 |
| Reply to MSJ | Jan. 22, 2018 | Discovery cutoff | March 19, 2018 |
| Hearing on MSJ | Feb. 12, 2018 | Deadline for dispositive motions | April 27, 2018 |
| | | Hearing on dispositive motions | TBD |
| | | Pretrial disclosures | TBD |
| | | Motions in limine | TBD |
| | | Final pretrial conference | TBD |
| | | Trial date | TBD |

Plaintiffs may also seek discovery on any facts presented by Federal Defendants or TransCanada in opposition to a motion for a preliminary injunction.

3. **Electronically Stored Information:**

Plaintiffs are willing to stipulate to the Delaware Default Standard for Discovery of Electronically Stored Information found at:

http://www.ded.uscourts.gov/sites/default/files/Chambers/SLR/Misc/EDiscov.pdf

/ / /

/ / /

4. **Disclosure of Privileged Information**

Plaintiffs are willing to discuss the terms for a proposed order under Federal Rule of Evidence 502 that sets forth a procedure for the parties to assert claims of privilege after the production of privileged information.

5. **Limitations on Discovery**

Because Plaintiffs seek discovery on only one claim, they are willing to limit the number of requests for production and requests for admission to 25 (and adhere to the existing limit of 25 interrogatories under Federal Rule of Civil Procedure 33(a)(1)). Plaintiffs believe that the remaining default rules regarding limitations on discovery under the Federal Rules of Civil Procedure and this Court's Local Rules should apply.

6. **Expert Disclosures:**

Plaintiffs may present expert testimony on their fifth claim, which is not limited to the administrative record. *See, e.g.*, *Kraayenbrink*, 632 F.3d at 497; *Wash. Toxics Coal.*, 413 F.3d at 1034. That claim alleges that the State Department has improperly concluded that Keystone XL is not likely to result in any adverse effects to the whooping crane, interior least tern, and piping plover. Third Am. Compl. ¶¶ 173-78. Plaintiffs believe that disclosure of experts should occur simultaneously, and that rebuttal experts should be disclosed 30 days after initial expert disclosures.

**7. Other Orders:**

Federal Defendants have not yet committed to a deadline for producing the administrative record. This case was filed six months ago, and Federal Defendants have had more than enough time to prepare the record. Accordingly, Plaintiffs request that the Court order Federal Defendants to produce the administrative record for all claims by October 18.

Respectfully submitted,

Dated: October 4, 2017

/s/ Doug Hayes
Doug Hayes (*pro hac vice*)
/s/ Eric Huber
Eric Huber (*pro hac vice*)
Sierra Club Environmental Law Program
1650 38th Street, Suite 102W
Boulder, CO 80301
(303) 449-5595
doug.hayes@sierraclub.org
huber@sierraclub.org

*Attorneys for Sierra Club and Northern Plains Resource Council*

/s/ Jaclyn Prange
Jaclyn Prange (*pro hac vice*)
/s/ Cecilia Segal
Cecilia Segal (*pro hac vice*)
Natural Resources Defense Council
111 Sutter Street, Floor 21
San Francisco, CA 94104
(415) 875-6100
jprange@nrdc.org
csegal@nrdc.org

*Attorneys for Bold Alliance and Natural Resources Defense Council*

/s/ Jared Margolis
Jared Margolis (*pro hac vice*)
/s/ Amy Atwood
Amy R. Atwood (*pro hac vice*)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
(971) 717-6401
jmargolis@biologicaldiversity.org
atwood@biologicaldiversity.org

*Attorneys for Center for Biological Diversity and Friends of the Earth*

/s/ Timothy M. Bechtold
Timothy M. Bechtold
Bechtold Law Firm, PLLC
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

*Attorney for all Plaintiffs*