# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| INDIGENOUS ENVIRONMENTAL NETWORK and NORTH COAST RIVER ALLIANCE, <br><br> and <br><br> NORTHERN PLAINS RESOURCE COUNCIL, et al., <br><br>     Plaintiffs, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF STATE, et al., <br><br>     Defendants <br><br> and <br><br> TRANSCANADA KEYSTONE PIPELINE and TRANSCANADA CORPORATION, <br><br>     Defendant-Intervenors. | **CV-17-29-GF-BMM** <br><br> **CV-17-31-GF-BMM** <br><br><br> **ORDER** |

Defendants United States Department of State, Thomas A. Shannon, Jr., in his official capacity, United States Fish and Wildlife Service, James W. Kurth, in his official capacity, and Ryan Keith Zinke, in his official capacity (collectively "Federal Defendants") filed a motion to limit judicial review of all claims to the administrative record on November 8, 2017. (Doc. 91.) TransCanada Corporation

filed a response adopting Federal Defendants' arguments on November 16, 2017. (Doc. 97.) Northern Plains Resource Council Plaintiffs and Indigenous Environmental Network Plaintiffs (collectively "Plaintiffs") oppose the motion. (Doc. 100, 101.)

The Court determined at the Preliminary Pretrial Conference on October 11, 2017, that it would like to examine the expert statements and see what "those statements contain and entail" before deciding if the expert statements will be admissible. (Doc. 90 at 8.) Ninth Circuit precedent provides support for this determination. Federal Defendants and TranCanada argue that Plaintiffs' Endangered Species Act ("ESA") citizen-suit claims are subject to the same Administrative Procedure Act ("APA") standard and scope of review as Plaintiffs' other claims. (Doc. 92 at 17.) Federal Defendants and TransCanada request that the Court limit judicial review of the ESA citizen-suit claim to the administrative record only, thereby, preventing any expert witness opinions. *Id.* at 29.

The ESA citizen-suit provision provides a private right of action. *Wash. Toxics Coal. V. EPA*, 413 F.3d 1024, 1034 (9th Cir. 2005). The Ninth Circuit in *Washington Toxics* determined that "suits to compel agencies to comply with the substantive provisions of the ESA arise under the ESA citizen-suit provision," not the APA. *Id.* at 1030, 1034. The Ninth Circuit further clarified in *Western Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011), that

2

evidence outside the administrative record may be considered for the limited purpose of reviewing an ESA claim.

The APA provides the standard of review for the ESA, but does not dictate the scope of judicial review. The Ninth Circuit has determined that ESA citizen-suit claims, unlike claims reviewed under the APA, are not limited to the administrative record. *See Conservation Cong. v. U.S. Forest Serv.*, 2017 WL 4340254 at *2 (E.D. Cal. 2017); *Yurok Tribe v. U.S. Bureau of Reclamation*, 231 F.Supp.3d 450, 467-69 (N.D. Cal. 2017); *Ellis v. Housenger*, 2015 WL 3660079 at *3-4 (N.D. Cal. 2015); *Defs of Wildlife v. Martin*, 454 F.Supp.2d 1085, 1094 (E.D. Wash. 2006); *Wild Fish Conservancy v. Nat'l Park Serv.*, 2012 WL 5384896 at *1 (W.D. Wash. 2012); *Conservation Cong. v. Finley*, 2012 WL 1564946 at *1 (N.D. Cal. 2012); *Or. Nat. Desert Ass'n v. Kimbell*, 593 F.Supp.2d 1217, 1219-20 (D. Or. 2009).

Admissibility of the expert statements will be determined after the Court has had the opportunity to review the statements.

Accordingly, **IT IS HEREBY ORDERED**:

1. Federal Defendant's Motion to Limit Judicial Review is DENIED to the extent that Plaintiffs seek to introduce expert testimony. (Doc. 91.)

2. Plaintiffs shall file with the Court their Expert Disclosures with Reports, on or before, December 29, 2017.

3. Federal Defendants and TransCanada shall file with the Court their Rebuttal Expert Disclosures with Reports, on or before, January 26, 2018.

DATED this 12th day of December, 2017.

_____
Brian Morris
United States District Court Judge