# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| INDIGENOUS ENVIRONMENTAL NETWORK and NORTH COAST RIVER ALLIANCE, <br><br> and <br><br> NORTHERN PLAINS RESOURCE COUNCIL, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF STATE, et al., <br><br> Defendants <br><br> and <br><br> TRANSCANADA KEYSTONE PIPELINE and TRANSCANADA CORPORATION, <br><br> Defendant-Intervenors. | **CV-17-29-GF-BMM** <br><br> **CV-17-31-GF-BMM** <br><br><br> **ORDER** |

Northern Plains Resource Council ("Northern Plains") filed a Motion to Complete the Administrative Records and Lift the Confidentiality Designation for Certain Files. (Doc. 125.) Northern Plains argues that the administrative records suffer from two deficiencies: (1) Defendants United States Department of State, Thomas A. Shannon, Jr., in his official capacity, United States Fish and Wildlife

1

Service, James W. Kurth, in his official capacity, and Ryan Keith Zinke, in his official capacity (collectively "Federal Defendants") wrongly have omitted an unknown number of emails and other internal communication considered by the agencies while reviewing the Keystone XL Pipeline; and (2) if Federal Defendants could show that these internal communications are exempt from disclosure under the deliberative process privilege, Federal Defendants must justify that claim and provide a privilege log. (Doc. 125 at 2.) Northern Plains further argues that meaningful judicial review cannot occur under the Administrative Procedure Act ("APA") without adequate administrative records. *Id.* Plaintiff Indigenous Environmental Network filed a motion in joinder of Northern Plains' motion (collectively "Plaintiffs"). (Doc. 133.) Federal Defendants and TransCanada Corporation ("TransCanada") oppose the motion. (Docs. 131, 132.)

## BACKGROUND

Federal Defendants filed their administrative records with the Court on December 8, 2017. (Doc. 131 at 9.) Northern Plains had sent Federal Defendants a letter containing objections to the preliminary administrative records on November 30, 2017. (Doc. 125 at 3.) The State Department record includes over 4.5 million documents either submitted by the public during relevant comment periods or prepared by State Department officials. *Id.* These documents contain the evidence

and information considered directly, or indirectly, by Under Secretary Shannon in issuing the 2017 Presidential Permit for the Keystone XL Pipeline.

The Fish and Wildlife Service ("FWS") record consists of 166 documents considered directly, or indirectly, by FWS in concurring in 2013 with the "not likely to adversely affect" determinations, the 2013 Biological Opinion, and FWS's subsequent concurrences for reinitiated consultation on later-listed species. *Id.* at 10.

The Court conducted a hearing on February 21, 2018. (Doc. 160.) The Court ordered Federal Defendants to produce documents or a prepare a privilege log for documents dated from January 26, 2017, the date of TransCanada's most recent application for Keystone XL Pipeline, to March 23, 2017, the date the State Department issued the Presidential Permit. The Court additionally ordered the parties to meet and confer in an effort to narrow their differences regarding the remainder of the documents and to file a status report by April 6, 2018. (Doc. 177).

Federal Defendants filed supplements to the administrative records on March 21, 2018. The supplements included an additional forty documents as well as a privilege log. As a result of the meet and confer, the parties have agreed to narrow the date range for document production to May 2012 to November 2015. The parties also have identified eighteen custodians who are most likely to possess documents relating to the Keystone XL Pipeline. Plaintiffs now request production

of documents from eight of the custodians by May 10, 2018, and for production of documents from the remaining ten custodians by June 10, 2018.

## LEGAL STANDARD

When reviewing final agency action under the APA, a court must determine whether the agency has considered the relevant factors and articulated a rational connection between the facts found and the choice made. *Baltimore Gas & Elec. Co. v. Nat. Res. Def. Council*, 462 U.S. 87, 105 (1983). The APA provides that the reviewing court must examine the agency's "whole record." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). The whole record includes "all documents and material directly or indirectly considered by agency decision-makers and . . . evidence contrary to the agency's position." *Id.*

The government's designation of an administrative record will be entitled to a presumption of completeness. *Oceana, Inc. v. Pritzker*, 2017 WL 2670733 at *2 (N.D. Cal. 2017). A plaintiff may rebut this presumption with clear evidence to the contrary. *Id.* A plaintiff provides clear evidence to the contrary if the plaintiff can identify the "allegedly omitted material with sufficient specificity" and provide "reasonable, non-speculative grounds for the belief that the alleged documents were considered by the agency and not included in the record." *Id.* The plaintiff also can show that the agency "applied the wrong standard in compiling the record." *Id.* The plaintiff does not need to show bad faith or improper motive.

4

## DISCUSSION

### I. Presumption of Completeness

The parties dispute whether the administrative records consist of all documents and material directly or indirectly considered by the agency in making its decision. Plaintiffs argue that the Court should determine that the presumption of completeness has been rebutted for the following reasons. Plaintiffs contend that the administrative records provided by the Government in this case fail to include the State Department's Biological Assessment or FWS's biological opinion. Plaintiffs further contend that the administrative records provided by the Government contain "very few emails and other intra-agency or inter-agency communications."

Plaintiffs point to the fact that review of the Keystone XL Pipeline involved over fifteen federal agencies, and, as a result, likely included numerous comments of these types. (Doc. 125 at 9.) Plaintiffs also point to a missing 2013 comment letter from the U.S. Environmental Protection Agency that criticized the sufficiency of the State Department's Draft Supplemental Environmental Impact Statement. *Id.* Federal Defendants produced roughly forty additional documents after conducting the review ordered by the Court of the post-January 26, 2017 documents. (Doc. 177 at 4.)

Plaintiffs contend that judicial review under the APA should be based on the whole record that includes internal and external communications regarding the agency's decision-making process. Internal and external communications constitute "drafts, internal reviews and critiques, inter-agency reviews, dissent from agency scientists, and e-mail exchanges or other correspondence between and among the agencies and/or others involved." *People of the State of Cal. ex rel. Lockyer v. U.S. Dep't of Agric.*, 2006 WL 708914 at *4 (N.D. Cal. 2006).

Federal Defendants contend that Plaintiffs have failed to overcome the presumption of regularity attached to the administrative records. (Doc. 131 at 14.) Federal Defendants contend that Plaintiffs wrongly misapply the term "indirectly before the decision maker" to include all deliberative materials properly excluded from the records. *Id.* at 15. Federal Defendants further contend that Plaintiffs can point only to broad, sweeping categories of documents missing from the administrative records.

The Court recognizes that a split of authority exists regarding whether internal communications and drafts should be part of the administrative record. The District of Columbia Circuit Court has determined that such agency deliberations are not part of the record. *See San Luis Obispo Mothers for Peace v. Nuclear Regulatory Commission*, 789 F.2d 26, 44-45 (D.C. Cir. 1986). The Ninth Circuit has not addressed this direct issue. District courts within the Ninth Circuit

have determined that privileged materials do not comprise part of the administrative record. *See Carlsson v. U.S. Citizenship & Immigration Servs.,* 2015 WL 1467174 at *7 n. 5 (C.D. Cal. 2015); *California v. U.S. Dep't of Labor*, 2014 WL 1665290 at *13 (E.D. Cal. 2014).

District courts in the Northern District of California have determined, however, that internal agency communications and drafts comprise part of the administrative records as these types of communications will inform the agency's final decision. This determination prevents Federal Defendants from asserting that these types of material should be excluded from the universe of materials "directly or indirectly considered by agency decision-makers." *Institute for Fisheries Resources v. Burwell*, 2017 WL 89003 at *1 (N.D. Cal. 2017); *see also Lockyer*, 2006 WL 708914 at *3; *Center for Food Safety v. Vilsack*, 2017 WL 1709318 at *4 (N.D. Cal. 2017).

Internal agency communications and drafts are part of the universe of material "directly or indirectly considered by agency decision-makers." Plaintiffs, in this particular case, have rebutted the presumption of completeness with clear evidence. Plaintiffs have rebutted this presumption by pointing to specific documents missing from the administrative records. Federal Defendants have failed, additionally, to provide the whole record. This failure is evidenced by Federal Defendants supplementation to the administrative records after the Court

ordered Federal Defendants to produce any remaining documents or a prepare a privilege log for any withheld documents from January 26, 2017 to March 23, 2017.

## II. Privilege Log

Plaintiffs argue that the deliberative process privilege remains a qualified one. *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). To invoke this privilege, the agency must "make a specific showing establishing the application of the privilege for each document that it contends that it may withhold." *Lockyer*, 2006 WL 708914 at *4. Plaintiffs argue that Federal Defendants attempt to skirt these requirements by providing no privilege log of the materials that they withhold from the administrative record.

Federal Defendants argue that deliberative materials fall outside the scope of the administrative record and that no privilege log should be required. Federal Defendants point to decisions in district courts in the Fourth Circuit and Seventh Circuit. *See Great Am. Ins. Co. v. United States*, 2013 WL 4506929 at *8 (N.D. Ill. 2013); *Outdoor Amusement Bus. Ass'n v. Dep't of Homeland Sec.*, 2017 WL 3189446 at *21-22 (D. Md. 2017); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 801 (E.D. Va. 2008). Federal Defendants further argue that the Ninth Circuit has not decided expressly this issue and no presumption exists that a privilege log will be needed. (Doc. 131 at 25.)

Federal Defendants do not provide any Ninth Circuit authority that stands for their proposition. Plaintiffs would be unable to challenge a withholding without a privilege log. The Court recognizes the burden this approach places on Federal Defendants. Federal Defendants must provide a privilege log if they seek to withhold a document based on the deliberative process privilege.

**CONCLUSION**

Federal Defendants must complete the administrative records or provide a privilege log. The Court realizes the burden this places on Federal Defendants as a result of the voluminous nature of the documents that Plaintiffs seek. To alleviate some of this burden, Plaintiffs must provide a reasonable list of search terms to narrow the scope of inquiry by Federal Defendants.

The Court possesses broad discretion to manage its own docket, which includes the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936). This inherent power includes in this case the extra steps by the parties.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Complete the Administrative Records and Lift the Confidentiality Designation for Certain Files (Doc. 125) is GRANTED to the extent as follows.

2. Plaintiffs must provide to Federal Defendants a reasonable list of search terms, not to exceed fifty, to further narrow the scope of inquiry by April 25, 2018.

3. Federal Defendants must produce the complete administrative records and/or privilege log for the eight prioritized custodians using the search terms provided and the timeframe of May 2012 to November 2015 by May 11, 2018.

4. Federal Defendants must produce the complete administrative records and/or privilege log for the remaining custodians using the search terms provided and the timeframe of May 2012 to November 2015 by June 10, 2018.

DATED this 16th day of April, 2018.

_____
Brian Morris
United States District Court Judge